UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL JEROME HATCHETT,

              Petitioner,

    v.

CLARK,[1]

              Respondent.

No.  2:18-cv-1773 KJM DB P

ORDER

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges the revocation of his probation in 1992 for possessing a firearm.  Respondent moves to dismiss the petition because the court lacks jurisdiction.  This court requires additional information before it can consider respondent's motion.

From the parties' filings and this court's research, this court understands the following about petitioner's convictions and sentences at issue.  First, in 1989 petitioner was convicted for a drug offense for which he was sentenced to a term of probation.  Then, in 1991, petitioner was charged with a violation of Penal Code § 12021(a), felon in possession of a firearm.  In December

---

[1] Respondent states that Ken Clark is the current warden of California State Prison, Corcoran. Accordingly, Clark is substituted for Soto, the respondent initially identified by petitioner.  See Fed. R. Civ. P. 25(d).

1991, after a settlement conference, that charge was dismissed. In January 1992, petitioner's probation on the 1989 conviction was revoked and he was sentenced to a term of three years in prison. See Hatchett v. Gonzalez, No. 2:16-cv-0412 KJM CMK P, 2018 WL 2939129, at *1 (E.D. Cal. June 12, 2018) (habeas proceeding challenging 1989 conviction).

While it is not entirely clear, petitioner appears to be alleging that his 1992 probation revocation proceeding, or the resulting sentence, was used to enhance one or both of his current sentences. As far as this court can tell, petitioner is currently serving sentences on two sets of convictions. First, in 1994, petitioner entered a nolo contendere plea in Yolo County Superior Court to first degree murder and was sentenced to twenty-five years to life. See Hatchett v. Gonzalez, 2018 WL 2939129, at *1. Second, in 2000, petitioner was convicted after a bench trial in Monterey County Superior Court of two counts of sodomy by force, three counts of forcible oral copulation, and one count of possession of a deadly weapon by a prisoner. He was sentenced to a total term of fifty-five years to life. See People v. Hatchett, No. H024371, 2003 WL 21008765, at *1 (Cal. Ct. App. May 6, 2003); Hatchett v. Gonzalez, No. C 15-2959 WHA (PR), 2016 WL 467461, at *1 (N.D. Cal. Feb. 8, 2016).

In his motion, respondent takes petitioner's assertion of a 1992 conviction on its face. Respondent argues only that petitioner was not, in fact, convicted in 1992 of possession of a firearm and, even if he was, the three-year resulting sentence has expired. Therefore, respondent contends, petitioner is not in custody under the sentence challenged and this court lacks jurisdiction to consider petitioner's claims. Respondent does not address petitioner's apparent allegation that the 1992 probation revocation proceeding, or the resulting prison sentence, enhanced his current sentence or sentences. A probation revocation proceeding may form the basis for a § 2254 petition. See Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). Further, in some limited circumstances, a petitioner may challenge an expired conviction used to enhance a current sentence. See Alaimalo v. United States, 645 F.3d 1042, 1060 (9th Cir. 2011).

To permit this court to consider the jurisdictional issue raised in respondent's motion to dismiss, within twenty days of the date of this order, respondent shall inform the court whether petitioner's 1992 probation revocation proceeding, or the three-year prison sentence imposed in

2

1992, was used to enhance any of the sentences petitioner is currently serving. If the answer to either of those questions is yes, respondent shall also provide the court with supplemental briefing addressing whether or not the court has jurisdiction to consider that sentence enhancement.

Accordingly, IT IS HEREBY ORDERED:

1. Within twenty days of the filed date of this order, respondent shall file a response to the questions raised by the court above.

2. Within twenty days of the date of service of respondent's filing, petitioner may file a response.

Dated: April 1, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/hatc1773.mtd add brf

3