UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>Petitioner,<br><br>v.<br><br>CLARK,[1]<br><br>Respondent. | No. 2:18-cv-1773 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the revocation of his parole in 1992 for possessing a firearm and the use of that revocation to enhance petitioner's current sentences. Before the court is respondent's motion to dismiss. For the reasons set forth below, this court will recommend respondent's motion be granted and the petition be dismissed for lack of jurisdiction.

**BACKGROUND**

Petitioner is currently incarcerated based on sentences for two sets of convictions. First, in 1994, petitioner entered a nolo contendere plea in Yolo County Superior Court to first degree

---

[1] Respondent states that Ken Clark is the current warden of California State Prison, Corcoran. Accordingly, Clark is substituted for Soto, the respondent initially identified by petitioner. See Fed. R. Civ. P. 25(d).

1

murder and was sentenced to twenty-five years to life. See Hatchett v. Gonzalez, No. 2:16-cv-0412 KJM CMK P, 2018 WL 2939129, at *1 (E.D. Cal. June 12, 2018) (description of the 1994 action). In 2000, petitioner was convicted after a bench trial in Monterey County Superior Court of two counts of sodomy by force, three counts of forcible oral copulation, and one count of possession of a deadly weapon by a prisoner. He was sentenced to a total term of fifty-five years to life. See People v. Hatchett, No. H024371, 2003 WL 21008765, at *1 (Cal. Ct. App. May 6, 2003); Hatchett v. Gonzalez, No. C 15-2959 WHA (PR), 2016 WL 467461, at *1 (N.D. Cal. Feb. 8, 2016).[2]

In his pending petition, petitioner challenges what he describes as a 1992 conviction and accompanying three-year prison sentence. (See First Am. Pet. (ECF No. 6).) He contends his conviction was obtained in violation of his rights to present evidence, to the effective assistance of counsel, to notice of the charges against him, and to be free from cruel and unusual punishment.

According to respondent, and confirmed by this court's review of the record, petitioner was not convicted of possession of a firearm in 1992. Rather, petitioner was convicted in 1989 for a drug offense. See Hatchett v. Gonzalez, 2018 WL 2939129, at *1. He was sentenced to a term of probation. Id. In late 1991, petitioner was charged with a violation of Penal Code § 12021(a), felon in possession of a firearm. In December 1991, after a settlement conference, that charge was dismissed. (See ECF No. 21-1 at 3.) In January 1992, petitioner's probation on the 1989 conviction was revoked and he was sentenced to a term of three years in prison. See Hatchett v. Gonzalez, 2018 WL 2939129, at *1.

After petitioner affirmed that he had exhausted his state court remedies prior to filing this action, the court ordered respondent to file a response. (ECF Nos. 14, 15.) On January 20, 2019, respondent filed the present motion to dismiss. (ECF No. 21.) Petitioner filed an opposition on February 11, 2019. (ECF No. 23.) In March and April 2019, petitioner filed motions to be

---

[2] In response to a request from the court, respondent's counsel filed a description of petitioner's current and past convictions and sentences which confirms that petitioner is currently serving the sentences set out in the text. (See ECF No. 30.) Petitioner filed three documents in response. (ECF Nos. 32, 33, 34.)

2

released on bail pending a decision on his habeas petition (ECF Nos. 25 and 31) and to obtain his records after being transferred to a new prison (ECF No. 26). Because this court finds below that petitioner is not in custody under the habeas laws, it lacks jurisdiction to consider petitioner's other motions and they will not be addressed herein.

**MOTION TO DISMISS**

In his motion to dismiss, respondent argues that petitioner is not in custody under the 1989 conviction he challenges. The three-year sentence petitioner received in 1992 on the 1989 conviction ended long ago. Respondent also points out that petitioner filed a habeas petition in this court in 2016 challenging his 1989 conviction. On June 12, 2018, the court dismissed that petition because petitioner failed to satisfy the in-custody requirement. See Hatchett v. Gonzalez, 2018 WL 2939129. A week after that petition was dismissed, petitioner filed the present petition on June 20, 2018. (ECF No. 1.)

However, petitioner is not directly challenging his 1989 conviction here; rather, as best this court can tell, he is challenging the parole revocation proceedings. That proceeding may form the basis for a habeas action under § 2254. See Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). Petitioner argues that his 1992 parole revocation enhanced his present sentences and, therefore, he satisfies the in-custody requirement.

**I.  Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602–03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus; on its own motion

under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug.7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II. In-custody Requirement

This court only has jurisdiction over petitioner's habeas petition if he is "in custody" under the conviction or sentence attacked. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The "in custody" requirement is jurisdictional, and "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

If a habeas petitioner is not actually incarcerated pursuant to the conviction or convictions he seeks to reverse, the petitioner must establish that he is subject to conditions that "significantly restrain . . . [his] liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963); Virsnieks v. Smith, 521 F.3d 707, 717-19 (7th Cir. 2008). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir. 1990) ("Because the sentence for this conviction expired before [the petition was filed], it cannot satisfy the "in custody" requirement—even though it may have had the collateral consequences of enhancing his subsequent federal

4

sentence, delaying his release on parole and postponing the end of his parole term."). The Court in Maleng stressed that this rule applies to the "possibility" a prior conviction "will be used to enhance" a sentence imposed for a subsequent crime. 490 U.S. at 492. The Court held open the possibility that a prisoner may be able to challenge an actual subsequent sentence that was so enhanced. See Alaimalo v. United States, 645 F.3d 1042, 1060 (9th Cir. 2011).

Courts have held that the ability to challenge the expired conviction used to enhance a present sentence is severely limited. See Nunes v. Ramirez-Palmer, 485 F.3d 432, 442 (9th Cir. 2007) (a defendant "generally" may not challenge an expired conviction used to enhance a present sentence); see also Daniels v. United States, 532 U.S. 374, 382 (2001) (§ 2255 challenge to expired conviction only valid where it enhances a present sentence and was obtained in violation of the right to counsel); Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 402-04 (2001) (applying rule of Daniels to § 2254 proceedings and recognizing exceptions for violation of right to counsel, refusal of state court to rule on a claim, and actual innocence). The Ninth Circuit has permitted a challenge to an expired conviction where the state court failed to fully and fairly consider the petitioner's claims on the expired conviction, Dubrin v. California, 720 F.3d 1095, 1099-1100 (9th Cir. 2013), and where an expired rape conviction was the basis for the present conviction for failure to register as a sex offender, Zichko v. Idaho, 247 F.3d 1015, 1019-20 (9th Cir. 2001). In far more cases, courts in this circuit have refused to find an exception to the in-custody requirement. See, e.g., Mills v. Foulk, No. 2:14-cv-0513 WBS DAD P, 2015 WL 738039, at *6 (E.D. Cal. Feb. 20, 2015), rep. and reco. adopted, No. 2:14-cv-0513 WBS DAD P (E.D. Cal. Mar. 18, 2015).

**III.    Discussion**

While it appears petitioner is challenging the 1992 parole revocation, it is also possible to construe his petition as challenging the 1989 conviction. In either case, the sentence he served as a result of those two proceedings expired long ago. However, the court could also construe petitioner's habeas petition as a challenge to his current sentence or sentences because he is alleging they were enhanced by the prior invalid proceedings. See Mills, 2015 WL 738039, at *5. If it is true that the parole revocation or 1989 conviction enhanced one of petitioner's current

sentences, then he would meet the "initial foundational 'in custody' requirement." Id. However, as the court recognized in Mills, this court must still determine whether it has jurisdiction over petitioner's challenge to his expired prior conviction/parole revocation. Id. Accordingly, whether or not the court considers petitioner's claims as challenging his prior conviction/parole revocation, or as challenging his current sentence, the result is the same.

In the present case, petitioner does not dispute that, at the time he filed his habeas petition, he was no longer incarcerated under the three-year sentence imposed in 1992. Petitioner argues that he is suffering a collateral consequence of the 1992 "conviction." He contends that the probation revocation proceeding resulted in an enhancement for failing to be problem-free during the period of his probation. Petitioner alleges the sentence he received as a result of his plea bargain in the murder case was subject to that enhancement because the judge considered it in imposing his sentence. He also appears to allege that the sentence he received for the crimes in Monterey County was also enhanced due to that probation violation.

Respondent has shown that neither of petitioner's current sentences were, on the record, enhanced by petitioner's 1989 conviction or the 1992 parole revocation. (See ECF Nos. 30-1, 30-3, 30-4.) Petitioner disputes that characterization of his current sentences. (See ECF Nos. 32, 33.) However, even if petitioner did suffer an "enhancement" due to the court's consideration of his parole revocation in determining the sentence for the murder conviction, this court would still lack jurisdiction over his claims. Petitioner fails to show one of the extraordinary circumstances that would permit this court to exercise jurisdiction. He does not allege there was a failure to appoint counsel, that the state court "without justification" refused to rule on a constitutional claim properly presented to it, that he has "compelling evidence" that he is actually innocent and could not have uncovered that evidence in a timely manner, or that, despite exercising reasonable diligence, petitioner did not receive a full and fair opportunity to obtain state court review of his prior conviction. See Johnson v. United States, 544 U.S. 295, 303 (2005); Coss, 532 U.S. at 405; Dubrin, 720 F.3d at 1097.

The only basis petitioner provides for his delay in challenging the 1989 or 1992 proceeding is that he just recently learned of the legal basis for his claims. (ECF No. 6 at 3.)

However, the fact that petitioner is inexperienced in the law is not the sort of extraordinary circumstance that might confer jurisdiction over his claims. See Mills, 2015 WL 738039, at *6 (citing Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)) and at *8 (collecting cases). Petitioner's failure to pursue available remedies at the appropriate time, does not extinguish the presumption that his conviction is valid. Coss, 532 U.S. at 403.[3]

Accordingly, this court concludes that petitioner fails to demonstrate that he qualifies for an exception to the in-custody requirement. Whether his petition is considered a challenge to his 1989 conviction, his 1992 parole revocation, or his current sentences, this court lacks jurisdiction to consider it.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 21) be granted;
2. Petitioner's pending motions (ECF Nos. 25, 26, and 31) be denied as moot; and
3. The petition for a writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event

---

[3] This court notes that even if it did have jurisdiction over petitioner's claims, they would be procedurally barred. The California Supreme Court denied his claims for untimeliness, among other things. (See ECF No. 14 at 3.) The state court's decision on procedural grounds bars this court's consideration of petitioner's claims unless he shows cause for the procedural default and prejudice therefrom. Walker v. Martin, 562 U.S. 307, 311 (2011). A pro se prisoner's lack of knowledge of the law is insufficient to establish cause to overcome a procedural default. Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986).

7

an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: June 5, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/hatc1773.mtd fr